UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EXXON MOBIL CORPORATION,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.           ) | Case No. 19-cv-1277 (APM) |
| ) | |
| CORPORACIÓN CIMEX S.A. et al.,           ) | |
| ) | |
| Defendants.           ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

The motion before the court seeking interlocutory review comes in a unique procedural posture. All three Defendants are "instrumentalities" of a foreign sovereign, Cuba. One of the three Defendants—Defendant Corporación CIMEX S.A. (Cuba) ("CIMEX")—is already before the D.C. Circuit, having taken an appeal as a matter of right from this court's ruling that the Foreign Sovereign Immunities Act ("FSIA")'s commercial-activity exception abrogated CIMEX's sovereign immunity. With respect to the other two Defendants—Corporación CIMEX S.A. (Panama) ("CIMEX (Panama)") and Union Cuba-Petróleo (CUPET)—the court held that the commercial-activity exception *might* apply to them but determined that jurisdictional discovery was needed to reach a final conclusion. Those two Defendants now seek interlocutory review so that they can raise on appeal the same issues that CIMEX is contesting before the D.C. Circuit. Ordinarily, the court likely would not certify an order for jurisdictional discovery for interlocutory review. But in these unique circumstances, considerations of judicial economy and avoiding piecemeal litigation on a jurisdictional question warrant certification. For those same reasons, it is appropriate to certify for review the court's ruling that the FSIA's expropriation exception is not available to any Defendant.

I.

First, a brief history. Plaintiff Exxon Mobil Corporation sued all Defendants under Title III of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996, 22 U.S.C. § 6082(a)(1)(A). Compl., ECF No. 1, ¶ 1. The Act creates a private right of action for U.S. nationals—including corporations—against any "person" that "traffics in property which was confiscated by the Cuban Government on or after January 1, 1959[.]" 22 U.S.C. § 6082(a)(1)(A). As instrumentalities of Cuba, each Defendant qualifies as a "person" under the Act. *See id.* § 6023(11) (defining "person" to include "any agency or instrumentality of a foreign state").

Each Defendant then moved to dismiss, asserting sovereign immunity. Defs.' Mot. to Dismiss Action with Prejudice, and for Other Relief, ECF No. 42, at 1. The court's jurisdictional verdict was mixed. The court held that it had jurisdiction with respect to CIMEX under the commercial-activity exception of the FSIA. *Exxon Mobil Corp. v. Corporación CIMEX S.A.*, No. 19-cv-1277 (APM), 2021 WL 1558340, at *10–13, 17 (D.D.C. Apr. 20, 2021) [hereinafter *Exxon I*]. As to CUPET and CIMEX (Panama), the court was unconvinced that the pleaded and record facts supported application of the commercial-activity exception as to them but permitted Exxon to take limited jurisdictional discovery regarding (1) whether CUPET's economic activities had a "direct effect" in the United States and (2) whether CIMEX (Panama) is an alter ego of CIMEX. *See id.* at *19–20. The court also held that the FSIA's expropriation exception did not apply because Exxon lacked a property interest recognized by international law in the expropriated assets, as required under that exception. *See id.* at *17–19.

Defendants then sought reconsideration of the court's rulings, *see* Defs.' Mot. Pursuant to the Court's Apr. 23, 2021 Minute Order, ECF No. 66, and the parties stipulated to a schedule for jurisdictional discovery, Stipulation and [Proposed] Order, ECF No. 65. Defendants later asked

the court to stay discovery, and CUPET and Cimex (Panama) brought the instant petition for interlocutory review. Defs.' Mot. to Stay Disc. and to Certify Interlocutory Appeals or, Alternatively, for Protective Order, ECF No. 71 [hereinafter Defs.' Mot.].[1] They propose for review the same two issues that CIMEX will raise in its appeal as of right: (1) "whether the expropriation exception alone controls this action" and (2) "whether Plaintiff has satisfied the commercial activity/direct effect exception as to CIMEX." Defs.' Mot., Mem. of P. & A. in Supp. of Defs.' Mot., ECF No. 71-4 [hereinafter Defs.' Mem.], at 3.

Exxon opposed the motion but asked that if the court decided to certify an interlocutory appeal, it also certify the court's ruling rejecting applicability of the expropriation exception. Pl.'s Opp'n to Defs.' Mot., ECF No. 72 [hereinafter Pl.'s Opp'n], at 25. The court then denied the motion for reconsideration, *Exxon Mobil Corp. v. Corporación Cimex S.A.*, No. 19-cv-1277 (APM), 2021 WL 4709566 (D.D.C. Oct. 8, 2021) (*Exxon II*), prompting CIMEX to appeal the court's rejection of its sovereign immunity defense, Notice of Appeal, ECF No. 75. Neither CUPET nor CIMEX (Panama) has filed a notice of appeal.

## II.

Pursuant to 28 U.S.C. § 1292(b), courts may certify an order for interlocutory appeal when "(1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion concerning the ruling exists; and (3) an immediate appeal would materially advance the litigation." *Molock v. Whole Foods Mkt. Grp., Inc.*, 317 F. Supp. 3d 1, 4 (D.D.C. 2018) (internal quotation marks omitted). The party moving for interlocutory review "bears the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Virtual Def. & Dev. Int'l Inc. v. Republic of*

---

[1] Defendants also sought a protective order limiting the scope of discovery. *See* Defs.' Mot. That request is moot by virtue of the court's certification for interlocutory review.

3

*Moldova*, 133 F. Supp. 2d 9, 22 (D.D.C. 2001) (internal quotation marks omitted).  Given the "strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals," certification is only appropriate in the court's discretion and upon satisfaction of the elements of section 1292(b).  *Jud. Watch, Inc. v. Nat'l Energy Pol'y Dev. Grp.*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002) (quoting *United States v. Nixon*, 418 U.S. 683, 690 (1974)).

### A.

There is no genuine dispute here that the first and third elements are readily satisfied: (1) the court's denial of sovereign immunity involves "a controlling question of law," and (3) an immediate appeal "would materially advance" the litigation.  A question of law is "controlling" if it "would require reversal if decided incorrectly or [] could materially affect the course of litigation with resulting savings of the court's or the parties' resources."  *Jud. Watch, Inc.*, 233 F. Supp. 2d at 19 (quoting *In re Vitamins Antitrust Litig.*, No. 99-197 (TFH), 2000 WL 673936, at *2 (D.D.C. Jan. 27, 2000).  And an immediate appeal "materially advance[s]" the litigation if "reversal would hasten or at least simplify the litigation in some material way, such as by significantly narrowing the issues, conserving judicial resources, or saving the parties from needless expense."  *Molock*, 317 F. Supp. 3d at 6.  Here, Defendants primarily intend to argue on appeal that, on the facts as alleged, Exxon can rely only on the expropriation exception under the FSIA to abrogate their sovereign immunity.  Defs.' Mem. at 3.  The court concluded otherwise, finding that Exxon could rely on either exception.  *See Exxon I*, 2021 WL 1558340, at *8; *Exxon II*, 2021 WL 4709566, at *2–4.  If the court was wrong, however, and only the expropriation exception applies, reversal

4

could mean the end of the case, as the court has found Exxon cannot satisfy the expropriation exception. *See Exxon I*, 2021 WL 1558340, at *17–18.[2]

Exxon contends that there is "no question of law *at all* at this time," pointing out that the court has only ordered jurisdictional discovery as to CUPET and CIMEX (Panama) and has not reached a conclusion on the commercial-activity exception's applicability as to them. Pl.'s Opp'n at 23–24. That is true enough, but it is equally true that the court's order of jurisdictional discovery is premised on the determination that (1) the expropriation exception is not controlling and (2) CIMEX (Panama) may be subject to the court's jurisdiction on an alter-ego theory based on the commercial-activity exception applying to CIMEX. If the court is wrong about the commercial-activity exception's applicability in this case, there would be no grounds for jurisdictional discovery, and the court would be required to enter judgment in favor of all three Defendants.

**B.**

The main impediment to interlocutory review is the second element: whether there is "a substantial ground for difference of opinion concerning the ruling." As Exxon points out, Pl.'s Opp'n at 23, and this court held, "the D.C. Circuit has 'never held that in order to proceed against a foreign government, a claim must fall into just one FSIA exception.'" *Exxon I*, 2021 WL 1558340, at *8 (quoting *de Csepel v. Hungary*, 859 F.3d 1094, 1103 (D.C. Cir. 2017) (rejecting the argument that "either the expropriation exception or the commercial activity exception" applies)); *see also Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 450 n.15 (D.C. Cir. 1990) (rejecting proposition that the FSIA's expropriation exception was "the *only* provision . . . which denies to foreign states immunity from suit for the taking of property" because

---

[2] A reversal "could," but does not necessarily, mean the end of the case: in theory, the D.C. Circuit could hold that the expropriation exception *does* apply, in which case the matter would not be dismissed.

"[i]t is clear that if a proper showing is made, the appellee can rely on the 'commercial activity' exception" as well (cleaned up)). That would seem to end the matter.

But the court is mindful that the D.C. Circuit has twice before ruled that only the expropriation exception applies in cases where suit is premised on the "quintessentially sovereign" power of confiscating property. In both *Rong v. Liaoning Province Government*, 452 F.3d 883, 890 (D.C. Cir. 2006), and *Ivanenko v. Yanukovich*. 995 F.3d 232, 239 (D.C. Cir. 2021), the D.C. Circuit held that a sovereign's subsequent disposition or commercial use of expropriated property does not open the door to the commercial-activity exception. Were it otherwise, the court explained in *Ivanenko*, "'almost any subsequent disposition of expropriated property could allow the sovereign to be haled into federal court under FSIA.'" *Id.* (quoting *Rong*, 452 F.3d at 890). This court considered *Rong* and *Ivanenko* but found them inapposite. *See Exxon II*, 2021 WL 4709566, at *5 (reasoning that this "case is different from those like *Rong* and *Ivanenko*, in which the expropriation itself gave rise to the claim and caused the harm sought to be remedied, and the plaintiff relied on subsequent commercial acts to secure jurisdiction under the commercial activity exception"). The court, however, recognizes that this is a first-of-its-kind case arising under Title III of the LIBERTAD Act, and reasonable jurists might take a different view on the applicability of *Rong* and *Ivanenko* and find that Exxon cannot rely on the commercial-activity exception to maintain this action. And, importantly, given that CIMEX will already be raising this very question before the D.C. Circuit, judicial economy and avoidance of piecemeal litigation favor granting CUPET and CIMEX (Panama)'s request to join in that appellate review. The court therefore finds that there is "substantial ground for difference of opinion" concerning its ruling.

### III.

The court also finds that the standard for interlocutory review is met on the issue of whether the FSIA's expropriation exception is available to Exxon. Pl.'s Opp'n at 25. *Exxon I*, 2021 WL 1558340, at *19.[3] That question is a "controlling question of law" with respect to which "an immediate appeal from the order may materially advance the litigation." *Jud. Watch*, *Inc.*, 233 F. Supp. 2d at 19. Specifically, if the D.C. Circuit were to hold the court incorrectly decided the expropriation exception, this case would proceed, regardless of the commercial-activity exception's applicability. And, although the court stands by its conclusion that Exxon cannot satisfy the expropriation exception, the interests of juridical economy and avoiding piecemeal litigation favor consideration of all jurisdictional questions in a single appeal.

### IV.

In the event the D.C. Circuit disagrees with the court's certification for interlocutory review, the court nevertheless will stay jurisdictional discovery. Given that resolution of this matter on appeal in favor of CIMEX would mean entry of judgment in favor of CUPET and CIMEX (Panama), proceeding with jurisdictional discovery until CIMEX's appeal is resolved is not warranted. If CIMEX's appeal fails, the court will consolidate jurisdictional discovery with discovery on the merits.

---

[3] It is not clear whether the court needs to certify the expropriation-exception issue for interlocutory review, as presumably Exxon could raise it as an alternative ground for affirmance in CIMEX's appeal. *See Worldwide Moving & Storage, Inc. v. Dist. of Columbia*, 445 F.3d 422, 423 (D.C. Cir. 2006). The court nevertheless does so out of an abundance of caution.

## V.

For the foregoing reasons, Defendants' Motion to Stay Discovery and to Certify Interlocutory Appeals or, Alternatively, for a Protective Order, ECF No. 71, is granted. This matter is hereby stayed until disposition of this matter by the D.C. Circuit.

Dated: November 23, 2021

Amit P. Mehta
United States District Court Judge