**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EXXON MOBIL CORPORATION,

      Plaintiff,

v.                                                    Case No. 19-cv-1277-APM

CORPORACIÓN CIMEX S.A. (Cuba);
CORPORACIÓN CIMEX S.A. (Panama); and
UNIÓN CUBA-PETRÓLEO,

      Defendants.

_____/

## NON-PARTY ARIEL PEREDA'S MOTION TO QUASH OR MODIFY SUBPOENA OR, ALTERNATIVELY OR IN ADDITION, FOR A PROTECTIVE ORDER

Non-party Ariel Pereda ("Pereda"), through his undersigned counsel, hereby moves before the United States District Court for the District of Columbia, for entry of an Order, pursuant to Federal Rule of Civil Procedure 45(d)(3), quashing or modifying the subpoena issued to him by the plaintiff, Exxon Mobil Corporation ("Exxon") or, alternatively or in addition, for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

In support of its Motion, Pereda will rely on its Memorandum of Points and Authorities in Support of His Motion to Quash or Modify Subpoena Or, Alternatively or in Addition, for a Protective Order, and the Declaration of Ariel Pereda submitted herewith. Alternative proposed Orders are also submitted herewith.

Counsel for Pereda and Exxon discussed this motion on June 9, 2025, as required by LCvR 7(m), but could not resolve the differences briefed in the Memorandum of Points and Authorities.

Pereda respectfully requests oral argument on this Motion.

Dated: June 11, 2025

1

**AKERMAN LLP**
750 Ninth Street, N.W., Suite 750
Washington, D.C. 20001
Telephone: (202) 393-6222
Fax: (202) 393-5959

By: */s/ Noam B. Fischman*
Noam B. Fischman
D.C. Bar No. 469397

*Attorneys for Non-Party Ariel Pereda*

**AKERMAN LLP**
Three Brickell City Centre
98 SE 7th Street, Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095

By: */s/ Gerald B. Cope, Jr.*
Gerald B. Cope, Jr. (*pro hac vice pending*)
Florida Bar No. 251364
Primary e-mail:
gerald.cope@akerman.com
Lorayne Perez (*pro hac vice pending*)
Florida Bar No. 85265
Primary e-mail:
lorayne.perez@akerman.com

*Attorneys for Non-Party Ariel Pereda*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EXXON MOBIL CORPORATION,

       Plaintiff,

v.                                      Case No. 19-cv-1277-APM

CORPORACIÓN CIMEX S.A. (Cuba);
CORPORACIÓN CIMEX S.A. (Panama); and
UNIÓN CUBA-PETRÓLEO,

       Defendants.

_____/

**NON-PARTY ARIEL PEREDA'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF HIS MOTION TO QUASH OR MODIFY SUBPOENA OR,**
**<u>ALTERNATIVELY OR IN ADDITION, FOR A PROTECTIVE ORDER</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

RELEVANT BACKGROUND ................................................................................................ 1

    A.    The Subpoena ..................................................................................................... 1

    B.    The Court of Appeals Decision ........................................................................... 2

    C.    The Present Scope of Discovery—Jurisdictional Discovery, Parties Only ............ 3

    D.    Exxon's Pending Petition to the United States Supreme Court .............................. 3

    E.    The Defendants' Motions for Stay of Discovery ................................................... 4

    F.    Objections to the Subpoena ................................................................................. 4

ARGUMENT AND AUTHORITIES .................................................................................... 4

    I.    Pereda Consents to This Court's Jurisdiction Over This Discovery Dispute ......... 6

    II.    This Court Should Quash the Subpoena as Unduly Burdensome Due to the
        Issuing Party's Pending Petition Before the U.S. Supreme Court and Lack
        of Relevance ....................................................................................................... 7

    III.    Alternatively, This Court Should Modify the Subpoena by Entering a Stay
         of Compliance ..................................................................................................... 8

    IV.    Alternatively, this Court Should Modify the Subpoena's Scope, or Enter a
         Protective Order Which Narrows the Scope of the Subpoena, and Shifts
         the Significant Expense of Compliance Onto Exxon. ............................................ 9

         1.    The Subpoena Imposes an Undue Burden on Pereda and Should be
             Narrowed Significantly ............................................................................ 9

             a.    The Subpoena is Overly Broad and Should be Narrowed ............ 10

             b.    The Costs of Compliance Should be Shifted Onto Exxon ............ 11

PROTECTIVE ORDER CERTIFICATION .......................................................................... 12

CERTIFICATE OF SERVICE .............................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Breiterman v. United States Capitol Police*,
    323 F.R.D. 36 (D.D.C. 2017).....................................................................................5

*Buzzfeed, Inc. v. U.S. Dep't of Justice*,
    318 F. Supp. 3d 347 (D.D.C. 2018) ..........................................................................5

*Exxon Mobil Corp. v. Corporacion CIMEX, S.A. (Cuba)*,
    111 F.4th 12 (D.C. Cir. 2025)........................................................................2, 3, 7, 10

*\*Exxon Mobil Corp. v. Corporacion Cimex, S.A.*,
    No. 24-699 (U.S. S. Ct. Dec. 27, 2024) ...............................................................3, 8

*\*G & E Real Estate, Inc. v. Avison Young-Washington, D.C., LLC*,
    317 F.R.D. 313 (D.D.C. 2016) ...............................................................................11

*In re Disposable Contact Lens Antitrust Litigation*,
    306 F. Supp. 3d 372 (D.D.C. 2017)...........................................................................6

*\*In re Motion to Compel Compliance With Subpoena Directed to Dep't of Veterans Affairs*,
    257 F.R.D. 12 (D.D.C. 2009)....................................................................................9

*\*In re Non-Party Subpoena to Center for Study of Social Policy*,
    659 F.Supp.3d 54 (D.D.C. 2023) .........................................................................7, 10

*In re Subpoena to National Academy of Sciences*,
    347 F.R.D. 45 (D.D.C. 2024).....................................................................................6

*Linder v. Calero-Portocarrero*,
    251 F.3d 178 (D.C. Cir. 2001) ...............................................................................11

*Phillips & Cohen, LLP v. Thorpe*,
    300 F.R.D. 16 (D.D.C. 2013).....................................................................................7

*\*Stati v. Rep. of Kazakhstan*,
    No. 14-1638, 2020 WL 3259244 (D.D.C. June 5, 2020)......................................4, 5

*Watts v. S.E.C.*,
    482 F.3d 501 (D.C. Cir. 2007) ...............................................................................11

**Statutes**

28 U.S.C. § 1605(a)(2)......................................................................................................2, 7

Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.*................................................ passim

**Rules**

Fed. R. Civ. P.

26.............................................................................................................................5
26(b)(1)...................................................................................................................5
26(c)(1)..........................................................................................................1, 5, 12
45......................................................................................................................5, 11
45(d)(1)....................................................................................................................5
45(d)(2)(ii)..............................................................................................................11
45(d)(3)....................................................................................................................1
45(d)(3)(A)...........................................................................................................5, 6
45(f).........................................................................................................................6

**NON-PARTY ARIEL PEREDA'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF HIS MOTION TO QUASH OR MODIFY SUBPOENA OR,
ALTERNATIVELY OR IN ADDITION, FOR A PROTECTIVE ORDER**

Non-Party Ariel Pereda ("Pereda") hereby respectfully moves, pursuant to Federal Rule of
Civil Procedure 45(d)(3), to quash or modify the subpoena served on him by Exxon Mobil
Corporation ("Exxon") to produce documents, information or objects or to permit inspection of
premises in a civil action (the "Subpoena"), or, alternatively or in addition, for a protective order
pursuant to Federal Rule of Civil Procedure 26(c)(1), and in support states:

**RELEVANT BACKGROUND**

**A.      The Subpoena**

Pereda is the principal of a small corporation, Pearl Merchandising & Distribution, Inc.
("Pearl"), that is licensed by the United States Treasury Department's Office of Foreign Assets
Control ("OFAC") and the Department of Commerce's Bureau of Industry and Security ("BIS")
to engage in certain transactions with certain Cuban entities. On May 5, 2025, Pereda was served
by Exxon with the Subpoena. A true and correct copy of the Subpoena is attached hereto as **Exhibit
"A."** The Subpoena calls for the production of seven categories of documents for a more than 10
year period of time extending from January 1, 2015 through the present. It requires that Pereda
produce all documents and communications concerning any transactions *or contemplated
transactions* with Defendants,[1] or non-parties Empresa de Servicios Petroleros Emperset
("EMPERSET"), Empresa Comercializadora de Alimentos ("ALIMPORT"), that are in any way
connected to "Cuban Retailers," including the facilitation of remittance transactions that can be

---

[1] The abbreviations for defendants are: Corporacion CIMEX, S.A. (Cuba) ("CIMEX (Cuba)"),
Corporacion CIMEX, S.A. (Panama) ("CIMEX (Panama)") (CIMEX (Cuba) and CIMEX
(Panama) are, collectively, "CIMEX"), and Union Cuba-Petroleo ("CUPET").

processed at Cuban Retailers and the export of goods from the United States to be sold at Cuban Retailers.

The Subpoena defines "Cuban Retailer" broadly as "any past or present retail location, storefront, or location for selling operated by CIMEX, CUPET, any CIMEX Affiliate, or any CUPET Affiliate in Cuba, including, but not limited to, locations operating under the names Servi-Cupet, Servicentro CUPET-CIMEX, Tiendas Panamericanas, Tiendas Caribe, Tienda CIMEX, or Almacines CIMEX, and any employees or representatives thereof." *Id.* at 8.

**B.    The Court of Appeals Decision**

On July 30, 2024, the United States Court of Appeals for the District of Columbia Circuit (the "Court of Appeals") rendered its decision on interlocutory cross-appeals of this Court's Order on Defendants' motion to dismiss for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq. See Exxon Mobil Corp. v. Corporacion CIMEX, S.A. (Cuba)*, 111 F.4th 12 (D.C. Cir. 2025) ("*Exxon I*").

The Court of Appeals held, in pertinent part, that the case should be remanded for this Court to further assess whether, under the direct effects clause of the commercial-activity exception to sovereign immunity, 28 U.S.C. § 1605(a)(2), CIMEX (Cuba)'s actions cause a direct effect in the United States. *Exxon I*, 111 F.4th at 30. Specifically, the Court of Appeals remanded for further assessment as to (1) whether CIMEX (Cuba)'s remittances business operated at CIMEX service stations *that exist on confiscated property formerly owned by Essosa*, which are a maximum of four to ten service stations out of 502 Western Union locations through which remittances are made, causes a direct effect in the United States, *id.* at 34-35, and (2) whether CIMEX (Cuba) has sufficient and continuing awareness that the goods it receives from ALIMPORT originate from the United States such that CIMEX knows it is all but ordering U.S. goods when it places an order with ALIMPORT, *id.* at 36, and (3) if CIMEX (Cuba) does possess

that knowledge, the Court of Appeals decision would likewise require that CIMEX (Cuba)'s sale of imported goods at the four to ten service stations *that exist on confiscated property formerly owned by Essosa* causes a direct effect in the United States, *id.* at 36-37.

The Court of Appeals affirmed this Court's decision that the Helms-Burton Act does not confer jurisdiction in this case, and that Exxon is required to demonstrate that jurisdiction over the Defendants exists under the FSIA. *Id.* at 25.

**C.**      **The Present Scope of Discovery—Jurisdictional Discovery, Parties Only**

After the mandate issued, the docket reflects that this Court has limited discovery at this time to jurisdictional discovery in accordance with the requirements of the FSIA, 28 U.S.C. § 1602 *et seq.*, and the Mandate. On September 19, 2024, the Court entered a Minute Order detailing the scope of permissible discovery, setting forth that discovery requests are to be served on *parties* by October 4, 2024, and setting a schedule for the briefing of any motions for protective orders relating to those discovery requests. *See* Sept. 19, 2024 Minute Order. The Minute Order does not state that third party discovery is allowed or address it in any way.

**D.**      **Exxon's Pending Petition to the United States Supreme Court**

On December 27, 2024, Exxon filed a petition for a writ of certiorari in the U.S. Supreme Court, presenting the following issue: "Whether the Helms-Burton Act abrogates foreign sovereign immunity in cases against Cuban instrumentalities, or whether parties proceeding under that Act must also satisfy an exception under the Foreign Sovereign Immunities Act." *Exxon Mobil Corp. v. Corporacion Cimex, S.A.*, No. 24-699 (U.S. S. Ct. Dec. 27, 2024) (the "*Petition*"). On May 5, 2025, the Supreme Court invited the Solicitor General to file a brief in the case expressing the views of the United States. No deadline was imposed for the Solicitor General to do so.

**E.    The Defendants' Motions for Stay of Discovery**

Defendants have filed Motions for Stay of Further Discovery Beyond That Already Provided And, In the Alternative or In Addition, for a Protective Order Limiting Plaintiff's Discovery Demands, and Memoranda of Points and Authorities in Support of same. *See* ECF No. 94 (CUPET's Motion and Memorandum); ECF No. 95 (CIMEX's Motion and Memorandum) (collectively, the "Motions to Stay Further Party Jurisdictional Discovery"). Defendants have also filed a Motion for a Stay of Third-Party Discovery And, In the Alternative or in Addition, For a Protective Order Limiting Plaintiff's Third Party Document Subpoena. *See* ECF No. 98 (the "Motion to Stay Third-Party Jurisdictional Discovery"). For purposes of efficiency and judicial economy, Pereda hereby incorporates by reference the arguments raised in these three pending motions to stay as grounds for staying compliance with the Subpoena, or modifying the scope of the Subpoena.

**F.    Objections to the Subpoena**

On June 8, 2025, Pereda served counsel for Exxon with his objections to the Subpoena.[2] A true and correct copy of the Objections is attached hereto as **Exhibit B.** On June 9, 2025, counsel for Pereda and counsel for Exxon held a video conference to confer regarding the Objections and the issues raised in this motion. While some objections and issues were resolved, the issues raised in this motion could not be resolved.

**ARGUMENT AND AUTHORITIES**

A party may issue a subpoena "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Stati v. Rep. of Kazakhstan*,

---

[2] Counsel for Pereda and counsel for Exxon agreed on extensions of time for serving objections up to and including June 9, 2025, and an extension of time for compliance or the filing of a motion to quash or to modify up to and including June 11, 2025.

4

No. 14-1638, 2020 WL 3259244, at *4 (D.D.C. June 5, 2020) (citing Fed. R. Civ. P. 26(b)(1)). Rule 26 "provides the relevance standard for Rule 45 subpoenas." *Id.* Rule 45(d)(1) requires that a party or attorney serving a subpoena "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). A court must quash or modify a subpoena that, among other things, "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

To determine whether a subpoena presents an undue burden on a third party, a court must evaluate "(1) whether the discovery sought [is] unreasonably cumulative or duplicative; (2) whether the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive; and (3) whether the discovery sought is proportional to the needs of the case, taking into account the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Stati*, 2020 WL 3259244, at *4 (citing *Buzzfeed, Inc. v. U.S. Dep't of Justice*, 318 F. Supp. 3d 347, 356 (D.D.C. 2018)) (internal quotation marks omitted).

Federal Rule of Civil Procedure 26(c)(1) provides that "any person from whom discovery is sought may move for a protective order in the court where the action is pending . . ." and that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." "Protective orders may deny discovery completely, limit the conditions, time, place, or topics of discovery, or limit the manner in which the confidential information is to be revealed." *Breiterman v. United States Capitol Police*, 323 F.R.D. 36, 43 (D.D.C. 2017) (quotation marks omitted).

This Court should quash Exxon's Subpoena to Pereda because the information it seeks may be irrelevant given Exxon's current Petition to the United States Supreme Court, and compelling Pereda to gather, review, and produce that information now imposes an undue, and potentially wasteful, burden and expense on him. Alternatively, the Court should modify the Subpoena by (1) staying the requirement to comply with same until the conclusion of Exxon's Petition to the United States Supreme Court and until such time as this Court has ruled on the pending Motions to Stay, and if those Motions are granted, until the stay is lifted; or, alternatively and in addition, the Court should enter a protective order that (1) narrows the requests in accordance with Pereda's objections to same; and (2) shifts all costs associated with compliance onto Exxon.

## I.      Pereda Consents to This Court's Jurisdiction Over This Discovery Dispute

Rule 45(d)(3)(A) provides that "the court *for the district where compliance is required* must quash or modify a subpoena" that meets certain conditions. Fed. R. Civ. P. 45(d)(3)(A)(emphasis added). Here, the court for the district where compliance is required is the United States District Court for the Southern District of Florida. *See* Subpoena, **Ex. A.** But the Rules also provide that the court where compliance is required "may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents . . . ." Fed. R. Civ. P. 45(f).

The Rules are intended to protect the interest of nonparties subject to subpoenas in obtaining a local resolution of any dispute pertaining to the subpoena. *See In re Subpoena to National Academy of Sciences*, 347 F.R.D. 45, 48 (D.D.C. 2024); *In re Disposable Contact Lens Antitrust Litigation*, 306 F. Supp. 3d 372, 375-76 (D.D.C. 2017). Here, Pereda consents to this Court's jurisdiction to resolve this motion given that this case involves complicated issues of sovereign immunity under the FSIA, which this Court is already familiar with, and that the issues raised in this motion are intertwined with issues already pending before this Court in Defendants' Motions to Stay, such that allowing this Court to determine all of these motions will avoid the risk

of inconsistent orders governing jurisdictional discovery. Filing this motion in this Court also preserves judicial resources by avoiding the need to move to transfer this dispute from the Southern District of Florida to this Court, and by allowing the court most familiar with this case's procedural history, including previously entered discovery orders, to decide the issues raised herein. In sum, this Court is in a superior position to rule on this motion.

## II.    This Court Should Quash the Subpoena as Unduly Burdensome Due to the Issuing Party's Pending Petition Before the U.S. Supreme Court and Lack of Relevance

Where documents requested pursuant to a third-party subpoena are irrelevant to the issues in the action and not reasonably calculated to lead to the discovery of admissible evidence, courts are obligated to quash the subpoenas as subjecting the non-party to undue burden. *See, e.g.*, *In re Non-Party Subpoena to Center for Study of Social Policy*, 659 F.Supp.3d 54, 61 (D.D.C. 2023) (quashing subpoena requests where "the burden of producing this information outweighs its relevance") (cleaned up; citation omitted); *Phillips & Cohen, LLP v. Thorpe*, 300 F.R.D. 16, 18 (D.D.C. 2013) (quashing subpoena requesting documents that were "of no conceivable relevance in the context of the action now pending").

In this case, discovery is presently limited to the issue of whether this Court may exercise jurisdiction over Defendants under an exception to the FSIA. In *Exxon I*, the Court of Appeals held that Exxon must demonstrate that the Defendants' commercial activities in Cuba with respect to the specific service stations claimed to have been confiscated from Exxon's predecessor have caused a direct effect in the United States. *Id.* at 32 ("To fit within the commercial-activity exception, CIMEX's trafficking activity not only must bear a 'connection with a commercial activity' in Cuba but must also 'cause[ ] a direct effect in the United States.'") (citing 28 U.S.C. § 1605(a)(2)).

But Exxon's Petition to the United States Supreme Court argues that Title III of the Helms-Burton Act itself confers jurisdiction over this case. *Exxon Mobil Corp. v. Corporacion Cimex, S.A.*, No. 24-699 (U.S. S. Ct. Dec. 27, 2024). If that position is accepted, then the discovery requested from Pereda will be wholly irrelevant. Broadly speaking, the Subpoena asks for documents relating to transactions between Pereda or his company and CIMEX, CUPET, EMSERPET, or ALIMPORT that are in any way connected with retail locations operated by CIMEX, Union Cuba-Petroleo, or any of those entities' past or present subsidiaries, divisions, branches, offices, affiliates, empresas, employees, representatives, or entities with which it is or was integrated. *See* Subpoena, **Ex. A**. These documents are clearly aimed at obtaining discovery for the purposes of attempting to demonstrate that the commercial activity exception to the FSIA is satisfied here. But, if Exxon's position before the United States Supreme Court is accepted, there will be no need for Exxon to prove that the commercial activity exception to immunity is met, and thus no need for these documents.

Moreover, the requests impose an undue burden on Pereda by requiring that he produce documents concerning "contemplated" transactions with the various Cuban entities. *See* Subpoena Requests Nos. 1, 2, 3, and 6, **Ex. A**. Contemplated transactions would not tend to prove that the commercial activities exception to sovereign immunity under the FSIA is satisfied because they would have no direct effect in the United States; therefore, there is no relevance to these documents.

Accordingly, Pereda requests that this Court quash the Subpoena.

## III. Alternatively, This Court Should Modify the Subpoena by Entering a Stay of Compliance

If the Court does not quash the Subpoena given Exxon's pending Petition before the U.S. Supreme Court, then Pereda respectfully asks this Court to enter a stay of compliance until such

time as the Petition is disposed of, and in accordance with the issues raised by the defendants in the Motions to Stay, which are incorporated herein by reference. In addition, a stay should be entered until party jurisdictional discovery is complete, as many of the requested documents can be obtained more readily and conveniently from the Defendants. For example, Request No. 1 asks for all documents and communications concerning any transaction involving Pereda and CIMEX or any CIMEX Affiliate that are in any way connected to Cuban Retailers. *See* Subpoena Request No. 1, **Ex. A.** Request No. 2 is similar, but it asks for documents or communications with CUPET. *Id.* at Request No. 2. Any communication with CIMEX or CUPET should be obtained from those defendants, who are parties to this action, not Pereda, a non-party. The vast majority of the Requests similarly ask for communications with other Cuban entities or instrumentalities, which should be sought from the Defendants to this suit before imposing a significant burden on Pereda, a non-party. *See, e.g.*, *In re Motion to Compel Compliance With Subpoena Directed to Dep't of Veterans Affairs*, 257 F.R.D. 12, 19 (D.D.C. 2009) (quashing subpoena issued by plaintiff where plaintiff failed to demonstrate that it first fully resorted to the remedies available under the Federal Rules of Civil Procedure to compel the defendant to produce the documents sought from third party).

**IV.   Alternatively, this Court Should Modify the Subpoena's Scope, or Enter a Protective Order Which Narrows the Scope of the Subpoena, and Shifts the Significant Expense of Compliance Onto Exxon.**

**1.   The Subpoena Imposes an Undue Burden on Pereda and Should be Narrowed Significantly**

If the Court does not quash or stay compliance with the Subpoena for the reasons stated above and in accordance with the arguments raised by the  Defendants in the Motions to Stay, then the Court should modify the Subpoena or enter a protective order that narrows the scope of same

in accordance with Pereda's Objections. *See* Objections, **Ex. B**. The Court should also shift the significant cost of compliance onto Exxon.

### a.    The Subpoena is Overly Broad and Should be Narrowed

<u>First</u>, the Subpoena calls for the production of more than ten years' worth of business records, extending back to January 1, 2015. This is an extensive period of time, is facially overbroad, and imposes a significant financial burden on Pereda. *See, e.g.*, *In re Non-Party Subpoena to Center for Study of Social Policy*, 659 F. Supp. 3d 54, 60 (D.D.C. 2023) (subpoena that requested documents for a ten year period was deemed unduly burdensome and overbroad) (collecting cases); *see also* Decl. of Ariel Pereda ("Pereda Decl."), attached hereto as **Exhibit "C."** The period should be greatly shortened and tied to the relevant time period to establish subject matter jurisdiction under the FSIA.

<u>Second</u>, most of the requests are not sufficiently narrowed as required by the Court of Appeals' remand. The requests are often tied to transactions connected to the broadly-defined "Cuban Retailers," but as the D.C. Circuit held, the relevant inquiry must be limited to those "four to ten stations located on former Essosa property," and should not be broadly aimed at *all* of the Defendants' remittance business or import of U.S. goods which result in activity in any and all Cuban Retailers. *Exxon I*, 111 F.4th at 34 ("Because Title III makes the Defendants liable only for trafficking in confiscated property, the pertinent inquiry is whether CIMEX's remittances operations at the four to ten stations located on former Essosa property cause a direct effect in the United States—not whether CIMEX's entire remittances business does so."). The requests fail to identify or to be limited to those four to ten stations, and are thus, overbroad and unduly burdensome. More importantly, once that is done, it is evident that Pereda is not in the position to know whether any product exported by Pereda's business, Pearl Merchandising & Distribution, Inc. ("Pearl"), to Cuba is ultimately sold in one of the locations at issue, nor whether any

remittances are picked up at those locations. *See* Pereda Decl. ¶ 10. That information should be sought from the Defendants, who would be privy to information regarding the ultimate destination where remittances from the United States are collected and where goods from the United States are sold.

### b.    The Costs of Compliance Should be Shifted Onto Exxon.

Finally, Pereda asks that this Court enter an order requiring that Exxon reimburse Pereda for the costs of having his attorneys and an electronic vendor identify, collect, process, review for responsiveness and privilege, and produce, the responsive documents and privilege log.

Federal Rule of Civil Procedure 45(d)(2)(ii) provides that a court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." "The Rule 45 'undue burden' standard requires district courts supervising discovery to be generally sensitive to the costs imposed on third parties." *Watts v. S.E.C.*, 482 F.3d 501, 509 (D.C. Cir. 2007). Where a subpoena imposes significant expense on a non-party, "the district court must shift the expenses above the level of 'significance' to the party serving the subpoena." *G & E Real Estate, Inc. v. Avison Young-Washington, D.C., LLC*, 317 F.R.D. 313, 315 (D.D.C. 2016).

Pereda is neither a party nor a party's officer. At present, Pereda estimates that the costs associated with compliance of the Subpoena will be, at a minimum $20,000. *See* Pereda Decl. ¶ 8. This is in addition to the significant attorneys' fees incurred by Pereda in seeking the Court's assistance to reduce the burden on him of complying with the overbroad Subpoena; a task that should have been undertaken by Exxon in the first instance. The $20,000 estimated expense to comply with the Subpoena is significant and should be shifted onto Exxon. *See G & E Real Estate*, 317 F.R.D. at 321 (holding that $3,148.44 was a significant expense that should be reimbursed by the party issuing the subpoena) (citing *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001)). Exxon is a multi-billion-dollar corporation seeking hundreds of millions of dollars in

this lawsuit. It is clearly better able to absorb the costs associated with its discovery needs than a significantly less wealthy and disinterested non-party.

## PROTECTIVE ORDER CERTIFICATION

Pursuant to Fed. R. Civ. P. 26(c)(1) and LCvR 7(m), undersigned counsel for Pereda certify that they conferred in good faith via video conference on June 9, 2025 with Exxon's counsel in an effort to resolve the dispute or narrow the areas of disagreement without Court action. While counsel for Pereda and counsel for Exxon were able to resolve some objections, the issues raised herein were not able to be resolved as of the filing of this motion.

WHEREFORE, Pereda respectfully requests that this Court quash the Subpoena, or modify it by staying compliance with the Subpoena until the conclusion of Exxon's Petition. Alternatively, Pereda respectfully requests that this Court narrow the scope of the Subpoena in accordance with Pereda's Objections, and shift the significant expense of compliance with the Subpoena unto Exxon. Attached are alternative proposed Orders which reflect each of the requested forms of relief.

Dated: June 11, 2025

**AKERMAN LLP**
750 Ninth Street, N.W., Suite 750
Washington, D.C. 20001
Telephone: (202) 393-6222
Fax: (202) 393-5959

By: /s/ Noam B. Fischman
Noam B. Fischman
D.C. Bar No. 469397

*Attorneys for Non-Party Ariel Pereda*

**AKERMAN LLP**
Three Brickell City Centre
98 SE 7th Street, Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095

By: /s/ Gerald B. Cope, Jr.
Gerald B. Cope, Jr. (*pro hac vice pending*)
Florida Bar No. 251364
Primary e-mail:
gerald.cope@akerman.com
Lorayne Perez (*pro hac vice pending*)
Florida Bar No. 85265
Primary e-mail:
lorayne.perez@akerman.com

*Attorneys for Non-Party Ariel Pereda*

**CERTIFICATE OF SERVICE**

       This is to certify that the foregoing was filed with the Clerk of Court using the CM/ECF

system that will automatically send email notification of such filing to all counsel of record.

                              */s/ Noam B. /s/ Fischman*
                              Noam B. Fischman

14