**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EXXON MOBIL CORPORATION,<br>*Plaintiff*,<br>v.<br>CORPORACIÓN CIMEX S.A., *et al.*,<br>*Defendants*. | Case No. 19-cv-1277 (APM) |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiff Exxon Mobil Corporation ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 15(a)(2), for an Order permitting Plaintiff to file its Third Amended Complaint in the above-captioned action. Pursuant to Local Rule 7(m), the parties conferred concerning Plaintiff's motion. Defendants stated that they will formally respond upon review of the proposed Third Amended Complaint.

## I. Background

On August 31, 2026, the Court ordered the parties to submit a joint status report proposing a schedule for further proceedings following remand of this case from the United States Supreme Court. On September 2, 2026, the parties conferred and agreed to a schedule and framework for further proceedings. During that conferral, Plaintiff told Defendants that Plaintiff would be seeking leave to file a Third Amended Complaint. Defendants were noncommittal as to whether they would consent to Plaintiff's proposal of promptly filing an amended complaint, stating that they would formally respond upon review of the proposed Third Amended Complaint. The parties memorialized their discussions in a Joint Status Report filed on September 4, 2026. Dkt. 120.

On September 9, 2026, the Court held a status conference to discuss the Joint Status Report. When discussing Plaintiff's proposed amended complaint, Defendants did not articulate any specific concern over the proposed amended complaint and when the Court asked counsel for Defendants any anticipated grounds for opposing Plaintiff's amendment, counsel for Defendants stated that he wanted to see the complaint. Tr. of Sept. 9, 2026 Status Conf. at 8:15–21 ("I agree with plaintiff that it probably would be a good idea for them to amend the complaint to bring these issues into focus and so we really know what we're dealing with. I can't give my consent to the amended complaint until I see it, but I think generally, you know, it seems to be a wise way of proceeding here."). Pursuant to the parties' agreement and the Court's order, Defendants have until October 5, 2026 to indicate if they consent to the filing of the Third Amended Complaint.

## II. Argument

Plaintiff should be permitted to amend the complaint. As discussed below, the Third Amended Complaint will update and clarify a number of allegations in light of two recent controlling Supreme Court decisions, *Exxon Mobil Corp. v. Corporacion Cimex, S.A. (Cuba)*, 146 S. Ct. 1909, 609 U.S. __ (2026) and *Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025).

In *Exxon Mobil*, the Supreme Court held that because the Helms-Burton Act abrogates the sovereign immunity of Cuban agencies and instrumentalities, plaintiffs suing Cuban agencies or instrumentalities under the Act need not separately satisfy one of the FSIA's enumerated exceptions to foreign sovereign immunity. *Exxon Mobil*, 146 S. Ct. at 1912. Accordingly, the amendment will refocus the subject-matter jurisdiction allegations—and underlying factual allegations—to reflect that this action arises under general federal-question jurisdiction, 28 U.S.C. § 1331, rather than the Foreign Sovereign Immunities Act, 28 U.S.C. § 1330.

In *Fuld*, the Supreme Court provided further guidance on personal jurisdiction, such that the Court may resolve personal jurisdiction as a matter of law, without the need for additional fact-

finding. *Fuld*, 606 U.S. at 1-2. Specifically, the Court held in *Fuld* that when Congress authorizes jurisdiction by federal statute, the Due Process Clause of the Fifth Amendment applies rather than the Fourteenth Amendment. *Id*. The Court distinguished cases brought under federal statutes authorizing jurisdiction from cases where parties rely on state law to establish personal jurisdiction, and concluded that because the traditional Fourteenth Amendment "minimum contacts" framework is a "consequence of territorial limitations on the power of the respective States"—a concern that does not extend to Congress's authorization of jurisdiction by federal law—the Fifth Amendment framework applies to federally-authorized cases. *Id*. at 14. Like the statute at issue in *Fuld*, the Helms-Burton Act creates a federal cause of action aimed at regulating conduct that harms U.S. nationals and advances U.S. foreign policy objectives. The relevant portions of the Helms-Burton Act explaining how Defendants' conduct harms U.S. nationals, and how the relief sought by Plaintiff would advance U.S. foreign policy objectives, are explicitly addressed in the proposed Third Amended Complaint.

Federal Rule of Civil Procedure 15(a)(2) "direct[s] the court to 'freely give leave [to amend] when justice so requires.'" *Vogel v. Go Daddy Grp., Inc.*, 266 F. Supp. 3d 234, 238 (D.D.C. 2017) (Mehta, J.) (quoting Fed. R. Civ. P. 15(a)(2)). Although the decision to allow leave to amend "is within the trial court's discretion," *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996), "[t]he standard for allowing amendment of a complaint is liberal." *Molock v. Whole Foods Mkt., Inc.*, No. 16-cv-02483, 2017 WL 2693474, at *1 (D.D.C. June 22, 2017) (Mehta, J.). "Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments." *Boyd v. Dist. of Columbia*, 465 F. Supp. 2d

1, 3 (D.D.C. 2006); *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). Defendants cannot meet this standard.

Here, the amendment will in no way delay these proceedings or prejudice Defendants. The sole purpose of the amendment is to update six-year-old allegations especially in light of two intervening decisions—providing a clear statement of the issues for the benefit of the parties and the Court. Other courts in this District have granted leave to amend after an intervening Supreme Court decision changed the legal landscape. *See, e.g.*, *Petworth Holdings, LLC v. Bowser*, 333 F.R.D. 297 (D.D.C. 2019).

Defendants can offer no credible argument to the contrary. *First*, as noted above, Defendants did not identify any potential prejudice from the amendment during conferrals. Nor could they. Plaintiff's single cause of action remains, and the amendment would in no way change the case schedule, increase discovery burdens, or complicate the issues at bar. *See Bronner v. Duggan*, 324 F.R.D. 285, 290-91 (D.D.C. 2018) (citing Wright, Miller, & Kane, *Federal Practice and Procedure*, § 1487 (2d ed. 1990)). *Second*, the amendment would not cause any undue delay. Indeed, Defendants have already agreed to a schedule for responding/briefing a motion to dismiss the proposed Third Amended Complaint, and Plaintiff has raised its request to amend the complaint based on *Fuld* and *Exxon* at the earliest possible moment in the case. *Id.* at 292 ("Generally, [] a plaintiff is not dilatory in seeking to amend a complaint when no trial or pretrial dates have been scheduled.") (quoting 27A T. Bateman, *et al.*, *Federal Procedure, Lawyers Edition* § 62:273 (2018)).

*Third*, amendment would not be futile. The revisions to the complaint carefully track the requirements of the Helms-Burton Act, *Fuld*, and *Exxon Mobil*. Regardless, it would only impose additional burden and delay on the parties and the court for Defendants to argue futility when a

schedule for briefing motions to dismiss has already been set. *Cf. id.* (declining to address futility arguments in "complex" matter and deferring them to briefing on a motion to dismiss or motion for summary judgment); *see also* Tr. of September 9, 2026 Status Conference at 9:1112 (explaining that counsel for Defendants preferred to file a Rule 12 motion to dismiss rather than oppose amendment based upon futility because it was "more orderly").

For the foregoing reasons, Plaintiff respectfully moves for the entry of an Order granting Plaintiff leave to file its Third Amended Complaint, which is attached hereto as Exhibit A. A redline comparison of the proposed Third Amended Complaint to the Second Amended Complaint is attached as Exhibit B.

Pursuant to the parties' Joint Status Report filed September 4, 2026 (Dkt. 120) and the September 9, 2026 status conference and subsequent minute order, Defendants reserved their position with respect to the relief sought and will either consent to or oppose the filing of the Third Amended Complaint no later than October 5, 2026.

Date: September 21, 2026

Respectfully submitted,

/s/ Steven K. Davidson
Steven K. Davidson (DC Bar #407137)
sdavidson@steptoe.com
Michael J. Baratz (DC Bar #480607)
mbaratz@steptoe.com
Emma Marshak (DC Bar #1048357)
emarshak@steptoe.com
STEPTOE LLP
1330 Connecticut Ave NW
Washington, DC 20036
Telephone: 202-429-3000
Facsimile: 202-429-3902

Michael G. Scavelli (*pro hac vice*)
mscavelli@steptoe.com
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone: 212-506-3900

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system that will automatically send email notification of such filing to all counsel of record.

/s/ Steven K. Davidson
Steven K. Davidson